99 F.3d 1144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Lee A. QUALLEY, Appellant,
v.
The MINNESOTA STATE AUTOMOBILE ASSOCIATION; The Minnesota
State Automobile Association Long Term Disability
Plan; UNUM Life Insurance Company of
America, Appellees.
 No. 95-3911.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 25, 1996.
Decided Oct. 30, 1996.
 
 Before McMILLIAN, FAGG, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lee A. Qualley, an employee of the Minnesota State Automobile Association (MSAA), applied for long-term disability benefits under MSAA's insurance plan, the Minnesota State Automobile Association Long Term Disability Plan. UNUM Life Insurance Company of America provides a group long-term disability insurance policy to MSAA employees. UNUM denied Qualley's request for long-term disability benefits because UNUM decided Qualley is not totally disabled and thus does not qualify for long-term benefits under the policy. After the denial, Qualley brought this lawsuit for long-term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (1994) (ERISA). The district court decided Qualley is not totally disabled within the policy's meaning because she can "perform each of the material duties of some gainful occupations for which she is reasonably fitted by training, education or experience." The district court considered Qualley's pain, the restrictions identified by several examining doctors, MSAA's willingness to accommodate the recommended restrictions, and the conclusion by an overwhelming majority of doctors that Qualley has the capacity to perform jobs for which she is qualified. Reviewing the denial of benefits de novo, Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), we conclude the denial was proper because Qualley is not totally disabled. Thus, we affirm the district court. See 8th Cir. R. 47B.